UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZIR ION WEEMS,

          Plaintiff,

    v.

CSATF PRISON/CORCORAN, et al.,

          Defendants.

Case No.: 1:26-cv-00288-SKO

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

(Doc. 8)

Plaintiff Zir Ion Weems is appearing pro se and *in forma pauperis* in this civil rights action.

## I.    INTRODUCTION

Plaintiff initiated this action by filing a complaint on January 14, 2026. (Doc. 1.) On February 17, 2026, Plaintiff filed a Motion for the Appointment of Counsel. (Doc. 8.) He contends he has no legal training, factual complexities and medical claims will require expert testimony, his indigency and incarceration affect his ability to investigate and to conduct discovery, trial testimony will be conflicting and involve multiple witnesses, the case is legally complex, and medical record evidence will show Plaintiff suffered "traumatic injuries [that] are now mental disabilities." (*Id*. at 1-2.)

//

//

## II.    DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, a determination concerning the likelihood of success on the merits is premature because Plaintiff's complaint has not yet been screened. *See Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. A brief review of Plaintiff's complaint reveals he asserts a First Amendment right to send and receive mail claim, an Eighth Amendment threat to safety claim, and a First Amendment retaliation claim. (Doc. 1 at 3-5.) These claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Davis v.*

2

*Portillo*, No. 1:22-cv-00457 ADA-CDB, 2023 WL 4979965, at *2 (E.D. Cal. Aug. 3, 2023) (retaliation issues are not complex); *Sekona v. Custino*, No. 2:16-CV-0517-JAM-DMC-P, 2021 WL 5165804, at *1 (E.D. Cal. Nov. 5, 2021) ("the claims raised—an Eighth Amendment safety claim and a due process claim—are not complex legally or factually"); *Dickson v. Gomez*, No. 1:17-cv-00294-DAD-BAM (PC), 2019 WL 3214348, at *2 (E.D. Cal. July 17, 2019) (denying appointment of counsel and finding "the legal issues involved in this case are not particularly complex," including issues involving legal mail); *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct. 1, 2018) ("Plaintiff's claims - - for retaliation, due process, and failure to protect Plaintiff - - are not complex").

To the extent Plaintiff relies upon his lack of legal training and indigence to support his request, those circumstances are not exceptional. *See, e.g.*, *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Next, Plaintiff's contention that expert testimony will be required in this case does not amount to an exceptional circumstance, warranting the appointment of counsel. *See Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases").

Furthermore, Rule 706 of the Federal Rules of Evidence is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *See also Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

Regarding his assertion that his "traumatic injuries are now mental disabilities," Plaintiff is advised that mental and physical health disabilities do not typically amount to exceptional circumstances warranting the appointment of counsel. *See, e.g.*, *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion when it denied appointment of counsel to sixty-year old appellant proceeding in forma pauperis with no background in law); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009) (an incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence").

Finally, the need for discovery and investigation, and cross-examination of multiple

4

witnesses at trial are circumstances common to most inmates. *See, e.g.*, *Kiger v. Johnson*, No. 2:23-cv-1263 KJM DB P, 2023 WL 7024669, at \*8 (E.D. Cal. Oct. 25, 2023) (denying appointment of counsel and stating "plaintiff argues he is unable to afford counsel, his imprisonment limits his ability to litigate, he has limited law library access, he has limited knowledge of the law, and a trial will likely involve conflicting testimony and counsel would better enable him to present evidence, cross examine witnesses, and afford him a fair trial. … Plaintiff's arguments show nothing more than circumstances common to most inmates"). Moreover, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). Where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

**III.    CONCLUSION AND ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel (Doc. 8) is **DENIED**.

IT IS SO ORDERED.

Dated:    **February 19, 2026**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE